## James Brew et al. v. George F. Seymour, Trustee.

INSTRUCTIONS—*when errors in, will not reverse.* Slight errors in instructions will not reverse where the instructions as a whole are substantially correct.

Forcible entry and detainer. Error to the City Court of East St. Louis; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 16, 1906. Rehearing denied February 26, 1907.

GEORGE A. CROW, for plaintiffs in error.

C. E. POPE, for defendant in error; MILES FREDERICK GILBERT, of counsel.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This suit in forcible entry and detainer was brought before a justice of the peace by appellee against appellants to recover possession of lot 224, block 46, "Illinois City," now a part of the city of East St. Louis. Appeal was taken from the justice's court to the City Court of East St. Louis, where trial was had by jury resulting in verdict and judgment in favor of the plaintiff for possession of the lot in question. The record is brought to this court on writ of error sued out by the defendants. Our reference will be to the parties,

plaintiff and defendants, as entitled in the lower court. The law is well established and understood by the profession, without the citation of authority, that the verdict of the jury is conclusive of the facts in controversy unless there was prejudicial error in the proceedings by which the verdict was obtained, or unless the verdict is so manifestly against the weight and preponderance of the evidence that the reviewing court may say, that the jury must have been moved by passion, prejudice or mistake, or were influenced by some improper motive to the prejudice of the complaining party. There is evidence that the title to the lot in controversy is vested in the plaintiff as trustee for the Episcopal Church, the legal successor of the English Church, to which the lot in question was donated by the inhabitants of the village of Cahokia in 1825. For nearly ten years prior to the entry complained of, Mrs. Good, a tenant of plaintiff, occupied a house built upon the lot. When she moved off, in June, 1901, she took with her the house and part of the fence, improvements put on the lot by her. In June, 1903, Camille W. Droit gave to Edward Millard a writing purporting to be a lease from the supervisor of the village of Cahokia, upon a rental of $1.50 a year. In July, 1903, defendants went upon the lot by leave or license from Millard and were in possession when this suit was commenced in May, 1904. The only claim made by defendants to a right of possession is the verbal permission given them by Millard. They were clearly "without right or title" within the meaning of the Forcible Entry and Detainer Act, and are wholly without defense independent of the question whether or not the lot was "vacant and unoccupied" when the entry was made either by themselves or by Millard. Millard had neither title nor color of title under the supposed lease from Droit. Whether Droit was supervisor of the village of Cahokia at the time the supposed lease was executed does not appear, nor is it shown that he acted within the power and authority claimed for him under the statutes of this State and the several enabling and confirmatory acts of Congress, to which reference is made. There is no proof

that the lot in controversy was "any part" of the "commons of Cahokia" when the lease was made. On the contrary, it appears that it was not, for in 1825 it was donated to the English Church in whom the title was vested and confirmed by lawful authority. Whether, in any event, under the circumstances of this case, a village or city lot, in situation and surroundings as was this lot, may become "vacant and unoccupied" within the meaning of the statute, is an open question not necessary in this case to decide. There is evidence to warrant the jury's finding, that the premises were not vacant and unoccupied at the time of entry by Millard and the defendants.

The instructions complained of are substantially correct in the statement of the law, and though subject to criticism we find in them no error prejudicial to defendant's rights in the case. The verdict is right and according to the merits, under the evidence, and the judgment will therefore be affirmed.

*Affirmed.*